### KORDEE v FOX

Ohio Appeals, 6th Dist, Wood Co
No 496. Decided Feb 24, 1931

Bowman & James, Bowling Green, for Kordee.

R. E. Ladd, Toledo, for Fox.

JUSTICE, CROW & KLINGER, JJ. (3rd Dist) sitting.

The facts are stated in the opinion.

KLINGER, J.

The plaintiff brings this action on behalf of himself and other persons similarly situated, by virtue of **12075 GC,** whereby the plaintiff seeks to restrain the collection of certain special assessments against his lands located within one mile of either side of Sections G and K on West Millgrove Intercounty Highway No. 273, running through Montgomery and Perry Townships, Wood County, Ohio.

It is agreed that on December 19, 1927, the Board of County Commissioners of Wood County passed a resolution wherein they made application to the Director of Highways and Public Works of the State of Ohio for state aid upon the above sections of the above mentioned highway; that on December 28th, 1927, said Director of Highways, by letter written by him, accepted said resolution of the County Commissioners and state aid was granted or allowed on said road. It appears that nothing further was done until July 1st, 1929, when the Board of County Commis-

sioners of Wood County passed a resolution finding it necessary to go forward, and ordered said highway improvement to proceed, and further ordered that 10% of the cost and expense thereof should be levied and assessed on and against property lying in Montgomery and Perry Townships and within one mile of either side of said intercounty highway No. 273. Contracts were let and said improvement was made, and the assessment levied against the property of plaintiff and the other lands located along said highway. Defendants claim that the application made by the county commissioners to the Director of Highways for state aid upon the improvement, and and his acceptance thereof by letter on December 28, 1927, made this a pending proceeding within the terms of 28 GC, and thereby determined the law applicable to said improvement, namely: 1176 to 1231-11 GC, and especially 1214 GC, as said law then stood, permitting special assessments to be levied against land within one mile of the road for intercounty highway improvements.

Sec 26 GC, reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceedings existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

House Bill No. 67, found in 112 O. L., 450, was passed on April 21, 1927, and became effective January 2, 1928. This law did not authorize any special assessments to be levied against lands located near the road for intercounty highway improvements, but same were to be paid by the state, county and township only, as they could agree. It appears further from the evidence that nothing was done on this improvement by the highway department or the county commissioners for about one year and seven months after the communication from the director of Highways was received by the county commissioners on December 28, 1927; that in July, 1929, the county commissioners found it necessary and ordered the improvement to go forward. It is plaintiff's contention that the law govern-

ing the improvement is the law in force at the time the county commissioners ordered the improvement or, in this case, July 19, 1929, and that the improvement in question is governed by the law in force on and after the first Monday in January, 1928, commonly known as the Edwards-Norton Act, 112 O. L., 450.

In the case at bar the county commissioners followed the law as it was December 28th, 1927 instead of the law in force in 1929, and placed an assessment of 10% of the cost of the road improvement against the land within one mile of the improvement.

The finding and conclusion of the court in this case is in favor of the defendants for the reason that this court concludes it is bound to follow the conclusions and the law as laid down in State ex rel vs. Robert N. Wade, et al. rendered May 26th, 1930 by Judge Hornbeck in a decision rendered while sitting on the Court of Appeals in Cuyahoga County. In our opinion, the case at bar is controlled by the same laws and decisions, and since this case was taken to the Supreme Court, being case No. 22452, in the Supreme Court of Ohio, and there approved by the action of the Supreme Court in refusing to sustain a motion to certify the record.

Decree for defendants at costs of plaintiff.

Justice, PJ, and Crow, J, concur.